UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Nos.: 3:95-CR-126-TAV-DCP-1<br>3:20-CV-279-TAV-DCP |
| SHERVON S. JOHNSON, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has moved to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 309].[1] Because the court finds that defendant's motion is an unauthorized second or successive motion under § 2255, it will **TRANSFER** his motion to the Sixth Circuit Court of Appeals.

Defendant filed a notice through counsel advising the Court that he had filed a second or successive § 2255 motion in this court with the expectation that this Court would transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 [Doc. 308].

Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not consider a "second or successive motion" collaterally attacking a defendant's federal sentence until the appellate court, as provided in 28 U.S.C. § 2244, certifies that the motion satisfies the requirements of § 2255(h). § 2255(h); *see also* § 2244(b)(3)(A).

---

[1] All docket citations refer to the criminal case, No. 3:95-CR-126-1, unless otherwise indicated.

If a defendant fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

However, the district court must first determine that a subsequent petition is indeed "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). The definition of a second or successive motion within the meaning of § 2244(b) remains somewhat hazy. *See Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016) (noting that AEDPA does not define the term and citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), for its characterization of "second or successive" as a "term of art"). But, the Supreme Court has indicated that a second or successive § 2255 motion is one that raises new "claims" after a defendant has already litigated and lost a § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims'"); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (holding that the reasoning in *Gonzalez* applies to § 2255 proceedings, and that "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim *on the merits*'" or if it "attempts 'to add a new ground for relief'" (quoting *Gonzalez*, 545 U.S. at 532)); *see also In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) ("[C]ourts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA. . . . Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that

2

could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."). Section 2255(h) provides that one such new claim might rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Here, defendant was convicted in 1996 of various federal crimes, including aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 [Doc. 199]. Defendant filed a § 2255 motion in 2016 arguing the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), applied to invalidate the residual clause in § 924(c)(3)(B)'s definition of a crime of violence [*See* Docs. 24, 297]; the Court denied defendant's motion on the merits [Docs. 297, 298]. In the instant motion, defendant seeks to collaterally attack his sentence again, this time by contending that after the Supreme Court's 2019 decision in *United States v. Davis*, his § 924(c) conviction is invalid because the predicate upon which it rests was valid only under the residual clause [Doc. 309 p. 6]. Because defendant's motion presents a ground for relief from his sentence that he did not raise in his previous § 2255, defendant's motion presents a new "claim[]" and accordingly qualifies as a second or successive § 2255 motion.

Although defendant's motion represents a second or successive motion to vacate under § 2255, the Court has not received authorization from the Sixth Circuit Court to

consider it. Accordingly, the Clerk is **DIRECTED** to **TRANSFER** defendant's § 2255 motion [Doc. 309] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

There being no other issues remaining before the Court, the Clerk of Court is **DIRECTED** to **CLOSE** the civil case.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE